UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARTHOLOMEW LEE JONES,

          Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*,

          Defendants.

Case No. C23-5572-JCC-MLP

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

### I.     INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Bartholomew Jones is currently confined at the Western State Hospital ("WSH") in Lakewood, Washington. He has submitted to this Court for filing a prisoner civil rights complaint, which is properly construed as one filed pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis* ("IFP"). (*See* dkt. ## 4, 4-1.) This Court has reviewed Plaintiff's proposed complaint and concludes that Plaintiff has not alleged a viable claim for relief in his pleading. The Court therefore declines to order that the complaint be served, but grants Plaintiff leave to file an amended complaint correcting the deficiencies identified below.

//

//

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

## II. DISCUSSION

### A. Plaintiff's Claims

Plaintiff identifies six claims for relief in his proposed complaint and these claims appear to cover a range of issues. Plaintiff alleges in the first count of his complaint that he is now the owner of the Washington Department of Corrections ("DOC"), having been appointed owner by the Federal Trade Commission in accordance with the bankruptcy laws, and he wants to be recognized as such so that he can implement a plan that better meets the rehabilitation needs of individuals in DOC custody. (*See* dkt. # 4-1 at 5-26.) Plaintiff goes on to detail the elements of his plan and explain why he believes the changes are necessary. (*See id.*)

Plaintiff appears to allege in the second count of his proposed complaint that the Union Pacific Railroad Company, in which he has an ownership interest, has failed to represent him in various criminal actions and that he now faces false imprisonment. (Dkt. # 4-1 at 27.) Plaintiff also claims that he is currently being held unlawfully, apparently as a result of an alleged speedy trial violation. (*See id.*)

Plaintiff appears to allege in the third count of his proposed complaint that the Emerson Insurance and Securities Company failed to provide competency screening and resources for competency restoration. (Dkt. # 4-1 at 28.) Though not entirely clear, Plaintiff also appears to claim that the company failed to pursue legal action on his behalf. (*See id.*)

Plaintiff alleges in the fourth count of his proposed complaint that he acquired an ownership right in the Enron Corporation as the result of prior legal action, and he appears to claim that the corporation has an obligation to provide assistance with correctional and competency restoration services but has failed to do so. (Dkt. # 4-1 at 29.)

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

Plaintiff alleges in the fifth count of his complaint that his Fourteenth Amendment right to due process has been violated by the Washington Department of Social and Health Services ("DSHS") in relation to mental health restoration services. (Dkt. # 4-1 at 30.) Plaintiff asserts that he has been found incompetent to stand trial, but he has received no restoration services and he has been denied a word processor as an accommodation for his intellectual disability. (*Id*.)

Finally, in the sixth count of his proposed complaint, Plaintiff appears to allege that his due process rights have been violated because the attorney appointed to represent him in his criminal case has not provided adequate representation. (Dkt. # 4-1 at 31.) Plaintiff indicates that he would like one of his "company lawyers" to represent him. (*Id*.) Plaintiff goes on to assert that he became owner of the Federal Bureau of Investigation ("FBI") as a result of a bankruptcy action, and that he would welcome the FBI's representation of him in his pending criminal matters. (*Id*.)

Plaintiff identifies the following Defendants in his proposed complaint: (1) the Washington Department of Corrections ("DOC"); (2) Steve Cinclair, Prison Commander/Director/CEO of the DOC; (3) John or Jane Doe, CEO of the Union Pacific Railroad Company; (4) John or Jane Doe, CEO of Emerson Insurance and Securities; (5) John Does, CEO of Enron, CEO 2 of Enron, and CFO of Enron; (6) John Doe, CEO of DSHS/WSH; and (7) lawyer Timothy Ray Johnson. (*See* dkt. # 4-1 at 1, 3-4.) As relief, Plaintiff seeks a change in DOC policy consistent with the recommendations in his complaint regarding rehabilitative services. (*Id*. at 32.) Plaintiff also appears to seek representation from one of more of the private companies named in his complaint in relation to competency proceedings. (*Id*.)

//
//

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

### B. Screening Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Acting "under color of state law" requires that a defendant have exercised power "possessed by virtue of state law and made

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4

possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

**C.     Deficiencies**

    *1.     Defendants*

Plaintiff identifies the Washington DOC as a Defendant in this action. However, the United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment

immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982). Accordingly, the DOC, which is a state agency, is not subject to suit in this civil rights action.

Plaintiff also identifies as Defendants in his proposed pleading the director of the DOC and the CEO of DSHS/WSH. However, Plaintiff does not allege any facts in the body of his complaint demonstrating that either of these individuals personally participated in the violation of his federal constitutional rights. It appears Plaintiff may be seeking to have these individuals held liable in this action based solely on their supervisory responsibility or position, which is not permissible under § 1983.

Plaintiff also seeks to proceed against individuals who are officials of a number of private companies, including the Union Pacific Railroad Company, Emerson Insurance and Securities, and Enron. Plaintiff does not allege any facts suggesting that these Defendants may be properly deemed state actors for purposes of this civil rights action. Thus, neither the officials of these private companies nor the companies themselves are viable Defendants in this action.

Finally, Plaintiff identifies as a Defendant in this action Timothy Ray Johnson, who Plaintiff indicates was appointed to represent him in his pending criminal proceedings. The United States Supreme Court has made clear that neither private attorneys nor public defenders are considered state actors for purposes of bringing suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Thus, Mr. Johnson is not subject to suit in this § 1983 action.

//

//

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 6

        *2.*    *Constitutional Claims*

Plaintiff does not identify a federal constitutional basis for all of the claims asserted in his proposed complaint. Claims that do not specifically allege a violation of a federal constitutional right are not cognizable in this action. Plaintiff does reference "due process" in some of his claims, and a due process claim under the Fourteenth Amendment is properly raised in an action brought under § 1983. However, such a claim may be pursued in a civil rights action only if the claim is asserted against a state actor, and only if the claim is otherwise properly before the Court.

So far as this Court can discern from Plaintiff's proposed complaint, his due process claims all appear to relate in some fashion to his ongoing state court criminal proceedings, and it appears that resolution of such claims would necessarily require this Court to become involved in those proceedings. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); s*ee also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Plaintiff's proposed pleading does not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court criminal proceedings.

//

//

//

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 7

### III. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

(1) The Court declines to direct that Plaintiff's proposed complaint be served on Defendants because of the deficiencies identified above. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies within **thirty (30) days** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

(2) Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify the Defendant(s), the constitutional claim(s) asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

(3) The Clerk shall note this matter on the Court's calendar for **September 11, 2023,** for review of Plaintiff's amended complaint.

(4) Plaintiff's "Motion of Reproduction of Suit for Records Keeping" (dkt. # 5), which was filed after Plaintiff's proposed complaint was received for filing, is STRICKEN as it is simply unclear from the motion the nature of the relief Plaintiff intends to seek.

(5) The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable John C. Coughenour.

DATED this 11th day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 9